## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL SNYDER,**<br><br>               **Plaintiff,**<br><br>**v.**<br><br>**MAGNESITA REFRACTORIES COMPANY,**<br><br>               **Defendant.** | **Case No.:**<br><br><br>**JURY TRIAL DEMANDED**<br><br>*Electronically Filed* |

## COMPLAINT

Plaintiff, Michael Snyder, by and through his attorneys, Weisberg Cummings, P.C., brings this civil action for damages against the above-named Defendant, Magnesita Refractories Company, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction of the claims set forth in this Complaint is proper in this Judicial District pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.* (the "ADA"), the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and 28 U.S.C. §§1331 and 1343, as well as pendent state law claims arising under the provisions of the laws of the

Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act (the "PHRA"), as amended, 43 P.S. §951, *et seq*.

2.　　Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and because the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

## THE PARTIES

3.　　Plaintiff, Michael Snyder ("Mr. Snyder"), is an adult male residing at 14 Hanover Street, Glen Rock, York County, Pennsylvania 17327.

4.　　Defendant, Magnesita Refractories Company ("Magnesita"), is a Pennsylvania corporation with a principal business address of 425 South Salem Church Road, York, York County, Pennsylvania 17408.

5.　　Magnesita is a global leader in high-grade refractory products, systems, and services for the steel, cement, glass, and non-ferrous metals industries.

6.　　At all times relevant to this Complaint, Magnesita was an employer as defined by the ADA, the FMLA and the PHRA.

## ADMINISTRATIVE PROCEEDINGS

7.　　On or about June 5, 2024, Mr. Snyder filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Magnesita.

8. All instances of discrimination complained of herein occurred within 180 days prior to Mr. Snyder's administrative filings.

9. Mr. Snyder's EEOC charge, alleging disability discrimination, was docketed as Charge Number 530-2024-06539.

10. Mr. Snyder's EEOC charge was cross filed with the Pennsylvania Human Relations Commission in order to preserve his claims under the Pennsylvania Human Relations Act ("PHRA").

11. Mr. Snyder has been advised of his right to sue in federal court, which notice was dated and received on or about September 9, 2025.

12. All necessary and appropriate administrative prerequisites with respect to the Plaintiff's rights to file this Complaint have been met.

## STATEMENT OF FACTS

13. Mr. Snyder worked for Magnesita for about five years prior to his termination on or about April 24, 2024.

14. In or around April 2023, Mr. Snyder was approved for intermitted FMLA due to his mental health issues.

15. Specifically, Mr. Snyder had been diagnosed with general anxiety disorder.

16. Mr. Snyder's general anxiety disorder constituted a disability as defined in the ADA and PHRA because when Mr. Snyder experienced episodes of anxiety

he was substantially limited in his ability to work, think, concentrate and communicate with others.

17.    Mr. Snyder's FMLA allowed for him to miss up to two days of work up to three times per month.

18.    Mr. Snyder used his intermittent FMLA throughout the year, although Mr. Snyder's co-workers advised him that the supervisors often complained when he was out about Mr. Snyder using the FMLA leave.

19.    When Mr. Snyder's doctor's note expired in April 2024, Mr. Snyder was feeling better and thought he would be able to move forward without the need for leave due to his disability; however, when Mr. Snyder was required to work overtime on or about Monday April 22, 2025, his mental health issues arose again, and he was forced to call off work.

20.    Mr. Snyder informed Magnesita of the reason for his absence and that he would need to take immediate steps to renew the FMLA leave.

21.    However, when Mr. Snyder tried to return to work on or about Wednesday April 24, 2025, Mr. Snyder was terminated, allegedly for violating the absence policy, although the reason for his leave was due to his disability and should have been covered under FMLA.

22.    Mr. Snyder was discriminated against in violation of the ADA, FMLA and PHRA, because Magnesita repeatedly complained about Mr. Snyder missing

work due to his disability and then terminated him for missing work due to his disability, which should have been covered by the FMLA.

## COUNT I

### VIOLATIONS OF THE ADA
### DISCRIMINATION

23.     All prior paragraphs above are incorporated herein by reference as if more fully set forth at length.

24.     Mr. Snyder is within the protective class of individuals as designated by the ADA.

25.     Mr. Snyder was qualified to perform the essential functions of his job with the reasonable accommodation of having to miss work periodically.

26.     Magnesita violated the ADA and committed illegal discrimination by repeatedly complaining about Mr. Snyder missing work due to his disability and then terminated him for missing work due to his disability, which should have been covered by the FMLA.

27.     As a result of Magnesita's illegal discrimination, Mr. Snyder has suffered emotional distress, a loss of self-respect and confidence, and has been subjected to great damage to his career and professional standing.

28.     As a result of Magnesita's wrongful termination of Mr. Snyder, Mr. Snyder has suffered, and continues to suffer, from a loss of income.

WHEREFORE, Plaintiff, Michael Snyder, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT II

### VIOLATION OF THE FMLA
### INTERFERENCE WITH FMLA RIGHTS

29.    All prior paragraphs are incorporated herein as if set forth fully below.

30.    Mr. Snyder had approved intermitted FMLA leave due to his disability.

31.    The FMLA prohibits an employer from interfering with and/or discriminating against an employee for exercising his FMLA rights.

32.    When Mr. Snyder advised Magnesita that he would need to reinstate his intermittent FMLA at the time of his unanticipated absence or about April 22, 2025, Magnesita terminated Mr. Snyder's employment.

33.    Magnesita violated Mr. Snyder's FMLA rights by terminating his employment on the basis of his needing to use FMLA leave.

34.    As a result of Magnesita's wrongful termination of Mr. Snyder, Mr. Snyder has suffered, and continues to suffer, from a loss of income.

35.    Magnesita did not act in good faith or have reasonable grounds for believing its actions were not a violation of the FMLA.

WHEREFORE, Plaintiff, Michael Snyder, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT III

## PHRA VIOLATION
## DISABILITY DISCRIMINATION

36.     All prior paragraphs are incorporated herein as if set forth fully below.

37.     This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the causes of action complained of in this Count III arise out of the same facts, events, and circumstances as Count I, and therefore judicial economy and fairness to the parties dictate that this Count III be brought in the same Complaint.

38.     As previously stated in Count I, Magnesita discriminated against Mr. Snyder on the basis of his disability, resulting in Mr. Snyder's termination of employment, all in violation of his state rights under the PHRA.

39.     Magnesita's discrimination towards Mr. Snyder arising from his disability constitutes violations of the PHRA.

WHEREFORE, Plaintiff, Michael Snyder, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Michael Snyder, prays that this Honorable Court enter judgment in his favor and against Defendant, Magnesita Refractories Company, and that it enter an Order as follows:

a.    Magnesita is to be permanently enjoined from interfering with and/or discriminating against Mr. Snyder on the basis of his disabilities, and/or any basis prohibited under applicable federal and state law;

b.    Magnesita is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees based on their disabilities, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c.    Magnesita is to compensate Mr. Snyder, reimburse Mr. Snyder, and to make Mr. Snyder whole for any and all pay and benefits Mr. Snyder would have received had it not been for Magnesita's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.  Mr. Snyder should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Magnesita until the date of verdict;

d.    Mr. Snyder is to be awarded interest on his monetary losses at the prevailing rate;

e.     Mr. Snyder is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Magnesita's actions;

f.     Mr. Snyder is to be awarded punitive damages as provided for under the ADA;

g.     Mr. Snyder is to be awarded liquidated damages as provided for under the FMLA;

h.     Mr. Snyder is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

i.     Mr. Snyder is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

j.     Any verdict in favor of Mr. Snyder is to be molded by the Court to maximize the financial recovery available to Mr. Snyder in light of the caps on certain damages set forth in applicable federal and state law; and

k.     Mr. Snyder is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Magnesita does not engage - or ceases engaging

- in illegal retaliation against Mr. Snyder or other witnesses to this action.

The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demand a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS P.C.**

Date: November 17, 2025

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

Counsel for Plaintiff