IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SNYDER, | : Civ. No. 1:25-CV-2174 |
| Plaintiff, | : |
| v. | : (Judge Kane) |
| | : (Chief Magistrate Judge Bloom) |
| MAGNESITA REFRACTORIES CO., | : |
| Defendant. | : |

# REPORT AND RECOMMENDATION

## I. Introduction

The *pro se* plaintiff, Michael Snyder, filed this action against the defendant on November 17, 2025.[1] Following an unsuccessful attempt at mediation, the case was referred to the undersigned. We twice attempted to hold a case management conference with the parties to establish case management deadlines, but both attempts were unsuccessful given the plaintiff's failure to participate in the conferences.[2]

---

[1] Doc. 1. We note that Snyder was initially represented by counsel, who withdrew his representation with this court's permission on June 23, 2026. *See* Docs. 14, 15.

[2] *See* Docs. 19, 20.

The defendant has now filed a motion to dismiss this case pursuant to Federal Rule of Civil Procedure 41, asserting that the plaintiff's failure to prosecute this case warrants dismissal.[3] Snyder did not respond to the motion. Accordingly, because Snyder has failed to respond to the motion, failed to participate in the conferences with this court, and failed to further prosecute this case in any way, we believe that dismissal under the Local Rules and Federal Rule of Civil Procedure 41(b) is warranted. Accordingly, we recommend that this action be dismissed.

## II. Discussion

### A. Under this Court's Local Rules, the Motion should be Deemed Unopposed and Granted.

The Local Rules of this court provide that a party opposing a motion to dismiss must respond to the motion and "file a brief in opposition within fourteen (14) days after service of the movant's brief. . ."[4] Rule 7.6 further admonishes that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion."[5] It is well established that courts may grant a motion to dismiss under Rule 7.6 "if a party fails to

[3] Doc. 21.
[4] M.D. Pa. L.R. 7.6.
[5] *Id.*

comply with the [R]ule after a specific direction to comply from the court."[6]

In this case, the plaintiff has failed to comply with Rule 7.6 and this court's Standing Practice Order because he has not filed a timely response to the instant motion. This procedural default compels us to consider "a basic truth: we must remain mindful of the fact that 'the Federal Rules are meant to be applied in such a way as to promote justice.'"[7] Thus, we must ensure that a party's failure to comply with the rules does not prejudice those parties who follow the rules.

Here, because the plaintiff has failed to respond to the motion to dismiss, under Rule 7.6 we will now deem the motion unopposed.

**B. Dismissal Under Rule 41 is Warranted.**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss a civil action for failure to prosecute or to comply with the Federal Rules or court orders.[8] Dismissal under this rule rests with the discretion of the court and will not be disturbed absent an abuse of

---

[6] *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).
[7] *Lease v. Fishel*, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010) (quoting *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998)).
[8] Fed. R. Civ. P. 41(b).

discretion.[9] The court's discretion is governed by what are commonly referred to as the *Poulis* factors:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[10]

In making this determination, "no single *Poulis* factor is dispositive."[11] Moreover, "not all of the *Poulis* factors need be satisfied" to dismiss a complaint for failure to prosecute.[12] As the Court of Appeals has explained, "[i]n balancing the *Poulis* factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case."[13]

---

[9] *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted).
[10] *Emerson*, 296 F.3d at 190 (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).
[11] *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).
[12] *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).
[13] *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek*, 964 F.2d at 1373).

In this case, an analysis of the *Poulis* factors leads us to conclude that this case should be dismissed. Consideration of the first factor—the party's personal responsibility—indicates that the delays are entirely attributable to the plaintiff, who has failed to participate in conferences with the court or respond to the instant motion.

The second factor—prejudice to the adversary—also weighs heavily in favor of dismissal. This factor is entitled to great weight, since the Third Circuit has explained:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.". . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy."[14]

Here, the defendants are plainly prejudiced by the plaintiff's failure to participate in the case management conferences or otherwise litigate this case, and we find that this factor weighs in favor of dismissal.[15]

---

[14] *Briscoe*, 538 F.3d at 259-60 (citation modified).

[15] *See e.g.*, *Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery

Considering the history of dilatoriness on the plaintiff's part, it is clear that dismissal is appropriate. As the Third Circuit has stated, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders."[16] In the instant case, it is undisputed that the plaintiff has failed to file a response to the motion or participate in this case in any way.

We further conclude that the fourth factor—whether the conduct of the party was willful or in bad faith—weighs in favor of dismissal. With respect to this factor, we must assess whether the party's conduct is willful, in that it demonstrated "strategic," "intentional or self-serving behavior," or was a product of mere inadvertence or negligence.[17] Here, where the plaintiff has failed to participate in court proceedings despite being advised of those proceedings both verbally and in writing by court staff, and he has failed to respond to the defendant's motion, we are

---

compels dismissal); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

[16] *Briscoe*, 538 F.3d at 260-61 (quoting *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994)) (quotations and some citations omitted).

[17] *Adams*, 29 F.3d at 875.

compelled to conclude that these actions are not inadvertent but reflect an intentional disregard for our instructions and for this case.

The fifth factor—the effectiveness of lesser sanctions—also cuts against the plaintiff in this case. Cases construing *Poulis* agree that when a *pro se* litigant refuses to comply with court orders, lesser sanctions may not be an effective alternative.[18] Here, by advising the plaintiff of his obligations, we have tried lesser sanctions to no avail. Accordingly, dismissal is the only available sanction remaining.

Finally, we are cautioned to consider the meritoriousness of the plaintiff's claim. However, we find that consideration of this factor cannot save the plaintiff's claims, as he has been wholly noncompliant with his obligations as a litigant. The plaintiff may not refuse to address the merits of his claims and then assert the untested merits as grounds for denying a motion to dismiss his claims. As we have explained, no one *Poulis* factor is dispositive, and not all factors must be satisfied for the plaintiff's case to be dismissed.[19] Accordingly, in our view, the untested

[18] *See e.g., Briscoe*, 538 F.3d at 262-63; *Emerson*, 296 F.3d at 191.
[19] *See Ware*, 322 F.3d at 222; *Mindek*, 964 F.2d at 1373.

merits of the plaintiff's claims, standing alone, cannot prevent the dismissal of those claims.

## III. Recommendation

For the foregoing reasons, IT IS RECOMMENDED THAT the defendant's motion to dismiss be GRANTED, and this action be DISMISSED due to the plaintiff's failure to prosecute this case.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or

recommit the matter to the magistrate judge with instructions.

Submitted this 18th day of September 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge